*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTWAUN LEE GANDY,

Defendant-Appellant.

UNPUBLISHED
September 09, 2025
9:21 AM

No. 368430
Macomb Circuit Court
LC No. 2022-000659-FH

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of carrying a pistol in a vehicle without a concealed pistol license (CPL) in violation of MCL 750.227(2). On appeal, defendant argues that MCL 750.227(2) as applied to him violates his rights under the Second Amendment of the United States Constitution because the evidence at his trial established that he was not dangerous. This argument is misplaced. Defendant was convicted under MCL 750.227(2) for failing to obtain a CPL before carrying a pistol in a vehicle, so the burden that the statute imposed on his Second Amendment rights was the requirement that he obtain a CPL. Defendant does not argue that he faced any obstacle to obtaining a valid CPL. We therefore affirm.

## I. BACKGROUND

Defendant's conviction arose out of a March 6, 2022 traffic stop. On that day, Jessica Gulledge was giving defendant a ride to his workplace. Defendant testified at his trial that, when Gulledge picked up defendant, defendant took out his pistol, removed the magazine, placed the magazine in the "rear hatch" of Gulledge's SUV, and placed his pistol in its holster underneath the front passenger seat. On the way to defendant's workplace, Gulledge was pulled over by Warren Police Officer Dawson Borycz because her vehicle did not have a license plate.

Officer Borycz testified that he detained Gulledge because she could not produce a driver's license, and she then gave the officer consent to search her vehicle. The officer removed defendant from the car, and defendant informed the officer that he had an unloaded gun underneath the front seat, that the gun was registered to him, and that he had a CPL. Officer Dustin Johnson retrieved defendant's CPL from his wallet and noticed that it was expired.

-1-

Officers searched Gulledge's SUV and found defendant's unloaded pistol under the front passenger seat (where defendant said it would be) and a magazine with live rounds in it. Because defendant did not have a valid CPL, the officers arrested him.

At his trial, defendant urged the jury to find him not guilty because he tried to comply with the law by separating his pistol from the magazine while in Gulledge's vehicle. The jury rejected this argument and found defendant guilty of violating MCL 750.227(2).

This appeal followed.

## II. STANDARD OF REVIEW

Defendant concedes that the claim he raises on appeal is unpreserved. Unpreserved constitutional claims are reviewed for plain error affecting substantial rights. *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). To be entitled to relief under the plain-error standard, the defendant must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## III. ANALYSIS

Defendant argues that, as applied to him, MCL 750.227(2) unconstitutionally burdens his rights under the Second Amendment of the United States Constitution. MCL 750.227(2) provides:

> (2) A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or in other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

The Second Amendment of the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." US Const, Am II.

A statute's constitutionality can be challenged in one of two ways—a facial challenge, or an as applied challenge. *People v Jarrell*, 344 Mich App 464, 482; 1 NW3d 359 (2022). A facial challenge considers whether there is any set of circumstances in which the statute is constitutionally permissible. *Id.* In *People v Langston*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367270); slip op at 3, this Court considered a facial challenge to MCL 750.227 and held that, because "Michigan's statutory scheme for issuing concealed pistol licenses does not contain provisions that violate the Second Amendment as detailed" by the Supreme Court of the United States in *New York State Rifle & Pistol Assoc, Inc v Bruen*, 597 US 1; 142 S Ct 2111; 213 L Ed 2d 387 (2022), "the requirement of MCL 750.227 that a person must possess a valid CPL in order to carry a pistol in an automobile does not violate the Second Amendment."

According to defendant, *Langston* does not resolve his appeal because defendant is not bringing a facial challenge to MCL 750.227; he is bringing an as-applied one. An as-applied

constitutional challenge considers the application of a facially valid law to the specific facts of the case before the court. *Jarrell*, 344 Mich App at 482. Defendant contends that, as applied to him, MCL 750.227(2) unconstitutionally burdens his Second Amendment rights because he attempted to transport his firearm safely, and there is no evidence that defendant was dangerous.

This argument misunderstands the burden that MCL 750.227(2) placed on defendant's Second Amendment rights. MCL 750.227(2) is not an outright ban on transporting pistols in vehicles—instead, as applied to defendant, the statute merely required him to obtain a valid CPL before doing so. It follows that the burden that MCL 750.227(2) placed on defendant's Second Amendment rights was requiring him to obtain a valid CPL. That this is the burden that MCL 750.227 places on individuals' Second Amendment rights is supported by *Langston*, where this Court held that MCL 750.227 is facially constitutional *because* "Michigan's statutory scheme for issuing concealed pistol licenses" is constitutionally permissible. *Langston*, ___ Mich App at ___; slip op at 3. Defendant does not contend that he faced any obstacle—constitutionally relevant or otherwise—to renewing his CPL. Indeed, he all but admits that his CPL would have been renewed had he simply requested it. We accordingly hold that applying MCL 750.227(2) to defendant under the facts of this case passes constitutional muster.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien